### MILOT v. KEELING et al.

(Second Division.   Nome.   July 24, 1915.)

#### No. 2601.

INTERPLEADER ⚍8(2)—PARTIES.

> Where two or more persons, whose titles are connected by reason of one being derived from the other, or of both being derived from a common source, claim the same thing, debt, or duty by different or separate interests, from a third person, and he, not knowing to which of the claimants he ought of right to render the debt or duty, or to deliver the thing, fears he may be hurt by some of them, he may maintain a suit and obtain against them the remedy of interpleader.

W. A. Gilmore, of Seattle, Wash., and G. J. Lomen, of Nome, for plaintiff.

James Frawley, of Nome, for defendants.

TUCKER, District Judge.   In this case, I am of opinion that the defendant is entitled to an order requiring Joseph Sliscovich, one of the claimants to the royalty, to interplead in the action.

Except for the case of Standley v. Roberts, 59 Fed. 836, 8 C. C. A. 305, I have been unable to ascertain the facts upon which the law is stated in the several citations from Cyc.   The cases therein referred to were evidently unlike the case here quoad the facts.   Standley v. Roberts is surely no authority for plaintiff's contention.   In that case, the lessee voluntarily took an independent lease from each of two adverse claimants to real estate.   In this case, there was only one lease, with an alleged assignment thereof to Sliscovich; the decision in Standley v. Roberts upon the facts was undoubtedly correct. In Pomeroy's Equity Jurisprudence, vol. 5, § 38, it is said:

"Where two or more persons, whose titles are connected by reason of one being derived from the other, or of both being derived from a

---

⚍See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

common source, claim the same thing, debt, or duty by different or separate interests, from a third person, and he, not knowing to which of the claimants he ought of right to render the debt or duty, or to deliver the thing, fears he may be hurt by some of them, he may maintain a suit and obtain against them the remedy of interpleader."

See, also, Fletcher's Equity Pleading & Practice, § 772.

An order may accordingly be entered in accordance with this opinion.